STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |
|---|---|
| In re: Appeals of<br>Middlebury College and<br>KW Middlebury, LLC | }<br>}<br>}<br>} Docket Nos. 124-7-99 Vtec and 228-11-99 Vtec<br>}<br>} |

Decision and Order on Motion for Partial Summary Judgment

In Docket No. 124-7-99 Vtec, Appellants Middlebury College and Robert Karol and Dan Wolf, d/b/a KW Middlebury, LLC, ("Applicants") appealed from all portions of the May 21, 1999 decision of the Planning Commission of the Town of Middlebury ruling on their application, except the Traffic Impact Criterion analysis (Findings 65 through 81) from which specifically no appeal was taken. Simultaneously, Applicants requested the Planning Commission to reconsider all portions of their application except the same findings as to the Traffic Impact criterion. A group of interested parties entered their appearance but did not file a cross-appeal. This case was put on inactive status in the Environmental Court while the Planning Commission addressed the reconsideration proceedings.

In Docket No. 228-11-99 Vtec Applicants appealed from the November 5, 1999 decision of the Planning Commission of the Town of Middlebury ruling on their application, except the Traffic Impact Criterion analysis (Findings 65 through 81 and related Conclusions of Law and Order) from which specifically no appeal was taken, and except that Applicants' appeal of the portion of that decision approving a PUD Master Plan (Findings 60 through 64 and related Conclusions of Law and Order) was restricted to "seeking a ruling that Middlebury College is not bound by such portion unless approval for Phase I of the master plan is granted as well." In this case, the group of interested parties filed a cross-appeal of the decision, and specifically raised the Traffic Impact criterion in its Statement of Questions.

The two appeals were consolidated in this Court. Appellant-Applicants are

1

represented by Jon Anderson, Esq.; Cross-Appellant-Interested Parties are represented by Gerald R. Tarrant, Esq.; and the Town is represented by Karl Neuse, Esq. Applicants have moved for partial summary judgment that the Traffic Impact criterion is beyond the scope of the appeal in Docket No. 228-11-99 Vtec because it was not appealed in Docket No. 124-7-99 Vtec.

The following sequence of events is not in dispute. The property at issue in the application involves a 31-acre parcel of land owned by Middlebury College located generally between Middle Road and Creek Road and Court Street (U.S. Route 7), of which KW Middlebury proposes to purchase a 4.1-acre parcel fronting on Court Street/Route 7, including the former Maple Manor Motel. The overall project consists of a Planned Unit Development (PUD) consisting of a subdivision of two lots for commercial development on the parcel to be purchased by KW Middlebury and residential housing in the area to be retained by Middlebury College. Phase I of the project, involving the development on the 4.1-acre parcel to be purchased by KW Middlebury, is at issue in the appeals now before the Court.

An earlier application for Phase I had proposed the razing of the existing Maple Manor Motel buildings and the subdivision of the 4.1-acre parcel into two lots, one for the construction of a 40,000-square-foot hotel/conference center and the other for the construction of a 5,000-square-foot restaurant. During the proceedings leading up to the May 1999 decision, Applicants withdrew their plans for the restaurant in favor of a 10,000-square-foot office/apartment building.

Although the application had initially requested approval of the overall site plan and the hotel, and conceptual approval for the restaurant, the Planning Commission in the May 1999 decision determined that the submitted plans were insufficiently specific for it to make findings on all the criteria. The Planning Commission in the May 1999 decision limited its consideration to the three criteria of Town Plan Compliance, Traffic, and Downtown Impact.

The May 1999 decision approved the PUD Master Plan with conditions; approved the Phase I hotel/conference and office/apartment uses with respect to traffic impact; denied the Phase I hotel/conference and office/apartment buildings and parking lot site plans on the basis that their scale and form do not conform with the Town Plan; and

2

determined that it did not have sufficient evidence to reach a conclusion regarding whether the Phase I hotel/conference and office uses will or will not have an undue adverse impact on the economic vitality of the downtown.

Applicants appealed the May 1999 decision to the Environmental Court and requested the Planning Commission to reconsider its decision. In the Motion for Reconsideration, Applicants sought to limit that reconsideration to all portions of the decision except the findings and conclusions on the Traffic Impact criterion. Applicants requested the Planning Commission to reconsider its imposition of conditions on the further development of the remainder of the Middlebury College land. Applicants also proposed to "address" the Planning Commission's concerns regarding the project's ability to comply with the Town Plan, "with the hope of developing a plan that is acceptable to the Planning Commission and the Applicants." In the Motion for Reconsideration itself, Applicants noted that they were "working on another design variation which the Applicants expect to complete during July," and requested that the Planning Commission consider both that plan and one completed "after March 31, 1999" which the Planning Commission had apparently declined to consider in the deliberations leading to its May 1999 decision.

Applicants sought to preserve the Planning Commission's favorable decision on the Traffic Impact criterion, while obtaining reconsideration or appeal of all other issues. In their appeal of the May 1999 decision to Environmental Court, because no cross-appeal was filed, Applicants did succeed in excluding the Traffic Impact criterion from consideration by the Court. That is, to the extent that the Applicants continue to propose to the Court the plan which was considered by the Planning Commission in the May 1999 decision, as to that plan and that plan only, the Traffic Impact criterion is concluded in favor of the Applicants.

However, in their motion for 'reconsideration,' by requesting that the Planning Commission consider plans not previously considered, Applicants in fact asked the Planning Commission to take two distinct actions: to reopen the proceedings to consider the new alternative plans, and to reconsider the plan which had been before it when it made the May 1999 decision. By asking the Planning Commission to reopen the proceedings to consider plans not before it when it made the initial ruling on the Traffic

3

Impact criterion, Applicants allowed the Planning Commission to determine whether anything about the new plans would cause it to revise its decision on the Traffic Impact criterion.

The Planning Commission voted to reconsider and noticed a public hearing on the motion for reconsideration. After it determined that it had jurisdiction of the reopened proceedings, it noticed a public hearing on the reopened issues, including, at the request of Applicants, additional criteria on downtown impact, aesthetics, and character of the area affected, which had not been considered in the May 1999 decision. This notice of public hearing was not provided to the Court, either in the exhibits presented with this motion or in the exhibits prepared by Applicants for the merits hearing on March 27, 2000; therefore, the Court cannot determine how the Planning Commission characterized or limited the reopened proceedings. Hearings were held on September 1, 15 and 22, 1999.

The Planning Commission's decision of November 5, 1999, approved the PUD Master Plan with conditions and provided for future amendments to it; approved the Phase I lodging/conference and office/apartment uses with respect to traffic impact; denied the Phase I hotel/conference and office/apartment buildings and parking lot revised site plans on the basis that their scale and form do not conform with the Town Plan; and approved the Phase I lodging/conference and office/apartment uses with respect to lack of undue adverse impact on the economic vitality of the downtown.

The November 1999 decision stated on its face that it "amends and replaces the Commissions May 21, 1999 decision." (Emphasis added). Although the findings of fact and conclusions as to the Traffic Impact criterion in the November 1999 decision were repeated verbatim from the May 1999 decision, they were made and adopted by the Planning Commission in a decision on a revised set of plans, and in a decision which entirely replaced the May 1999 decision. Thus, to the extent that the Applicants wish to propose to the Court the plans which were considered by the Planning Commission in the November 1999 decision, or any subsequent revisions to those plans, the Traffic Impact criterion is before the Court in the appeal.

Accordingly, based on the foregoing, Appellant-Applicants' Motion for Partial

4

Summary Judgment is DENIED, and Summary Judgment is entered in favor of Cross-Appellant-Interested Parties on the issue raised by the motion for partial summary judgment: the Planning Commission entirely superseded its May 1999 Decision by its November 1999 Decision, in which the findings as to the Traffic Impact Criterion were restated in their entirety. That issue is therefore before this Court by virtue of Cross-Appellants appeal of the November 1999 Decision, despite the fact that the issue was not appealed in the May 1999 Decision.

Done at Barre, Vermont, this 15th day of May, 2000.


_____
       Merideth Wright
       Environmental Judge